UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD L. BASKETT, | CASE NO. C05-1166-JLR-MAT |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| ROGER WOLFE, et al., | |
| Defendants. | |

INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, has submitted a complaint pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP application"). (Dkt. #1). Pursuant to 28 U.S.C. § 1915A, the court has reviewed the complaint, and for the reasons below, the court recommends that the IFP application be denied, and the matter dismissed, because plaintiff's complaint fails to state a claim upon which relief may be granted.

BACKGROUND

Plaintiff alleges in the complaint that he was ordered by a court to attend a treatment program. (Complaint at 3). The precise nature of the treatment program is unclear, although plaintiff alleges that he suffers from post traumatic stress disorder. (*Id.*) According to plaintiff, the owner of the organization providing the treatment telephoned him on February 21, 2005, and informed him that he was being dropped from the program because – contrary to plaintiff's belief

REPORT AND RECOMMENDATION
PAGE -1

that he was benefitting from the treatment – they were "not getting through to me." (*Id.*) Plaintiff alleges that the owner reported the fact that he was being dropped from the program to plaintiff's probation officer, and the plaintiff was arrested the next day.

Plaintiff further alleges that his counselor at the program treated him unprofessionally by having outsiders present at their sessions. (*Id.*)  Plaintiff names the owner and the counselor as the sole defendants in the complaint.  He alleges that as a direct result of the owner's "false testimony" to the probation officer, and the counselor's unprofessional treatment, his probation was revoked and he was sentenced to 60 months in prison. (*Id*. at 6).

## DISCUSSION

Plaintiff's complaint suffers from several fatal flaws.  In order to sustain a cause of action under 42 U.S.C. §1983, plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The first flaw in the complaint is that the defendants appear to be private citizens and thus do not appear to have acted "under color of state law."  The only way that private citizens may be sued under § 1983 is if they take part in a conspiracy with public officials to deprive a person of that person's constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 920 (1984).  Plaintiff has not so alleged.

The second major flaw in plaintiff's complaint is that, even if the defendants were deemed to be acting under color of state law, plaintiff's allegations, if true, undermine the validity of the decision to revoke his probation.  A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (emphasis added).  Plaintiff alleges that the probation revocation is being reviewed by the state appellate court. (Complaint at 6).  Thus, it is clear that he has yet to successfully invalidate

REPORT AND RECOMMENDATION
PAGE -2

his sentence, a prerequisite for bringing a § 1983 action under *Heck*.

## CONCLUSION

In light of the two flaws identified above, the court recommends that plaintiff's IFP application be denied because the underlying complaint fails to state a claim upon which relief may be granted, and this matter be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this  12th  day of  July , 2005.

Mary Alice Theiler
United States Magistrate Judge